Ryan P. Steen (Bar No. 0912084)
ryan.steen@stoel.com
Jason T. Morgan (Bar No. 1602010)
jason.morgan@stoel.com
STOEL RIVES LLP
600 University Street, Suite 3600
Seattle, WA 98101
Telephone: 206.624.0900
Facsimile: 206.386.7500

Whitney A. Brown (Bar No. 1906063)
whitney.brown@stoel.com
STOEL RIVES LLP
510 L Street, Suite 500
Anchorage, AK 99501
Telephone: 907.277.1900
Facsimile: 907.277.1920

*Attorneys for Proposed Intervenor-Defendant ConocoPhillips Alaska, Inc.*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BUREAU OF LAND MANAGEMENT, et al., <br><br> Defendants. | Case No. 3:23-cv-00061-HRH |

**UNOPPOSED MOTION TO INTERVENE BY CONOCOPHILLIPS ALASKA, INC.**

# I. INTRODUCTION

ConocoPhillips Alaska, Inc. ("ConocoPhillips") has been diligently working for many years to develop leases it purchased long ago in the National Petroleum Reserve-Alaska ("NPR-A" or "Petroleum Reserve"). Specifically, ConocoPhillips has now twice sought and received approval from the Bureau of Land Management ("BLM") to develop the Willow Master Development Plan ("MDP") on its Petroleum Reserve leases. The Willow MDP is essential to ConocoPhillips' ability to develop resources on NPR-A lands that the federal government has designated for oil and gas leasing, and in which ConocoPhillips has made substantial investments over many years. In this newest Willow lawsuit, the Plaintiffs again seek to invalidate the federal approval of the Willow MDP.[1] ConocoPhillips seeks to intervene because the claims asserted and relief requested by Plaintiffs directly threaten its significant interests in the Willow MDP and its development of the federal NPR-A leases it has purchased. ConocoPhillips was granted intervention as of right in the last round of Willow litigation and plainly satisfies the requirements for intervention as of right in this case.[2]

# II. BACKGROUND

**A.    Exploration in the NPR-A.**

The NPR-A is a federally designated area on Alaska's North Slope, encompassing nearly 23 million acres. BLM manages the NPR-A under the Naval Petroleum Reserves

---

[1] *See* Dkt. 1 (Complaint), Request for Relief.

[2] Federal Defendants take no position on ConocoPhillips' motion to intervene. Plaintiffs do not oppose ConocoPhillips' motion to intervene.

*CBD et al. v. BLM et al.*
Case No. 3:23-cv-00061-HRH          2

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
Main 206.624.0900    Fax 206.386.7500

Production Act, as amended, and its implementing regulations,[3] which require, among other things, that the Secretary of Interior "shall conduct an expeditious program of competitive leasing of oil and gas"[4] in the NPR-A. For the portions of the NPR-A where leasing occurs, BLM's administration involves a three-stage process: (1) leasing; (2) exploration; and (3) development.[5] Each stage is subject to independent decision-making and approval by BLM (as well as by other local, state, and federal agencies), and each stage requires National Environmental Policy Act ("NEPA") review.[6]

ConocoPhillips has acquired oil and gas leases covering just over one million acres in the NPR-A.[7] ConocoPhillips has taken a careful, progressive approach to NPR-A exploration and development, starting with the CD5 satellite drill site, which began production in 2015, and continuing with the Greater Mooses Tooth - 1 satellite drill site, which began production in 2018. ConocoPhillips also constructed the Greater Mooses Tooth - 2 satellite drill site, which began production in the fourth quarter of 2021.[8]

---

[3] *See* 42 U.S.C. § 6501, *et seq*.

[4] *Id.* § 6506a(a).

[5] *N. Alaska Envtl. Ctr. v. Kempthorne*, 457 F.3d 969, 977 (9th Cir. 2006); 43 C.F.R. pts. 3000, 3130, 3150, 3160.

[6] *N. Alaska Envtl. Ctr.*, 457 F.3d at 977.

[7] Exhibit A, Declaration Stephen V. Bross ("Bross Decl.") ¶ 3 (as filed in *Sovereign Inupiat for a Living Arctic et al. v. BLM et al.*, No. 23-cv-00058-SLG (D. Alaska)).

[8] *Id.*

## B. Willow Discovery, Permitting, and Litigation.

ConocoPhillips confirmed the Willow discovery during the 2015-2016 winter exploration season.[9] The Willow discovery is located in the northeast portion of the NPR-A in the Bear Tooth Unit, which is an oil and gas unit administered by the BLM, composed entirely of federal oil and gas leases, and located entirely within the NPR-A.[10]

Plaintiffs first challenged the federal approval for the Willow MDP and associated NEPA and ESA decisions in December 2020.[11] This Court admitted ConocoPhillips as an intervenor-defendant.[12] Plaintiffs asserted numerous claims under the Administrative Procedure Act, NEPA, and Endangered Species Act ("ESA"). Plaintiffs sought to vacate the 2020 Willow Record of Decision, Final Environmental Impact Statement, Biological Opinion, and any decisions that relied on those documents.[13]

In August 2021, this Court ruled in the plaintiffs' favor on some of their NEPA and ESA claims, and rejected the remainder of plaintiffs' NEPA and ESA claims. The Court vacated and remanded the 2020 ROD, FEIS, and BiOp.[14] On remand, BLM initiated a new NEPA process to solicit public input and prepare a draft supplemental EIS

---

[9] *Id.* ¶ 5.

[10] *Id.* ¶¶ 4-5.

[11] *See Sovereign Iñupiat for a Living Arctic v. Bureau of Land Mgmt.*, 555 F. Supp. 3d 739, 753 (D. Alaska 2021).

[12] *Id.* at 751 n. 5.

[13] *Id.* at 753-54.

[14] *Id.*

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
Main 206.624.0900   Fax 206.386.7500

to address the deficiencies identified by the Court and new relevant information.[15] BLM completed that process and published a Final Supplemental EIS on February 6, 2023 ("2023 FSEIS"), and subsequently signed a new Record of Decision on March 12, 2023 ("2023 ROD").[16] BLM also reinitiated consultation with FWS under Section 7 of the ESA and issued a new biological opinion for the Willow MDP on January 13, 2023 ("2023 BiOp").

Plaintiffs now challenge the 2023 ROD, 2023 FSEIS, and 2023 BiOp, asserting variety of federal law claims. Plaintiffs again seek vacatur of those decisions and documents.

**C.     ConocoPhillips' Interest in this Litigation.**[17]

ConocoPhillips has made an enormous investment in the Willow project. With all requisite federal and state approvals, ConocoPhillips drilled the Willow discovery confirmation wells during the 2015-2016 winter exploration season and subsequently acquired 65 leases in the 2016 NPR-A lease sale. Although ConocoPhillips initially acquired the leases as part of a joint venture with Anadarko E&P Onshore LLP, ConocoPhillips has since acquired 100 percent ownership interest in the leases and is the sole owner of the oil and gas leases in the Bear Tooth Unit. ConocoPhillips has spent approximately $758 million in lease acquisition, exploration and appraisal drilling,

---

[15] 87 Fed. Reg. 6890 (Feb. 7, 2022).

[16] 88 Fed. Reg. 7756 (Feb. 6, 2023).

[17] Unless otherwise noted, all facts stated in this subsection are supported by the Declaration of Stephen V. Bross (Exhibit A).

*CBD et al. v. BLM et al.*
Case No. 3:23-cv-00061-HRH                5

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
Main 206.624.0900   Fax 206.386.7500

engineering, environmental studies, permitting, and other expenditures to locate and methodically advance the Willow discovery into a viable development project, culminating in the BLM's approval of the project.

BLM's 2023 ROD approving the Willow MDP authorizes ConocoPhillips to construct up to three drill sites, and related support infrastructure including a central processing facility, airstrip, operations center, freshwater reservoir, all-season gravel road connecting the Willow development to the Greater Moose's Tooth - 2 development within the NPR-A, as well as infield gravel roads and pipelines connecting the Willow facilities.[18] The 2023 ROD also authorizes ConocoPhillips to construct ice roads, which will primarily be used during project construction, as well as up to three subsistence-use boat ramps for the benefit of local subsistence users.[19]

This litigation squarely impacts ConocoPhillips' significant interests in Alaska. On the most specific level, ConocoPhillips invested significant amounts of time and money to obtain BLM's approval of the Willow MDP. Plaintiffs' lawsuit seeks to impair or eliminate those interests by either undermining BLM's supporting environmental analyses or vacating BLM's approval of the Willow MDP in its entirety.[20] Plaintiffs' claims, if successful, will have a major adverse impact on ConocoPhillips' business interests by creating uncertainty or delay for (or termination of) construction of the

---

[18] 2023 ROD at 2.

[19] *Id.* at 3.

[20] *See* Dkt. 1, Request for Relief.

*CBD et al. v. BLM et al.*
Case No. 3:23-cv-00061-HRH             6

Willow facilities and the potential loss of significant investments made on the basis of reasonable expectations.

### III. ARGUMENT

**A.  ConocoPhillips Is Entitled to Intervene as of Right.**

The Ninth Circuit has adopted a four-part test to determine whether a party should be permitted to intervene as of right: (1) the motion must be timely; (2) the movant must claim a "significantly protectable" interest relating to the property or transaction that is the subject of the action; (3) the movant must be so situated that the disposition of the action may, as a practical matter, impair or impede the movant's ability to protect that interest; and (4) the movant's interest must not be adequately represented by the existing parties to the action.[21] Consistent with all other federal courts of appeal, the Ninth Circuit applies this test broadly in favor of intervention:

> A liberal policy in favor of intervention serves both efficient resolution of issues and broadened access to the courts. By allowing parties with a *practical* interest in the outcome of a particular case to intervene, we often prevent or simplify future litigation involving related issues; at the same time, we allow an additional interested party to express its views before the court.[22]

---

[21] *Smith v. Marsh*, 194 F.3d 1045, 1049 (9th Cir. 1999) (internal quotation marks and citation omitted).

[22] *United States v. City of L.A., Cal.*, 288 F.3d 391, 397-98 (9th Cir. 2002) (internal quotation marks and citation omitted; emphasis in original); *Scotts Valley Band of Pomo Indians of Sugar Bowl Rancheria v. United States*, 921 F.2d 924, 926 (9th Cir. 1990).

*CBD et al. v. BLM et al.*
Case No. 3:23-cv-00061-HRH          7

Thus, courts assess a motion to intervene "primarily by practical considerations, not technical distinctions."[23] As discussed below, ConocoPhillips meets each of the requirements for intervention as of right.

### 1. ConocoPhillips' motion is timely.

When evaluating timeliness, the Ninth Circuit considers (1) the stage of the proceedings, (2) any prejudice to the existing parties, and (3) the reasons for and length of any delay.[24] This litigation was filed today, and ConocoPhillips seeks immediate intervention with the expectation that Plaintiffs will seek preliminary injunctive relief that, if granted, will have a material adverse effect on ConocoPhillips' construction plans. ConocoPhillips has acted swiftly and without delay to seek intervention, and no party will be prejudiced by ConocoPhillips' intervention. In order to avoid delay, ConocoPhillips has submitted a preliminary proposed answer in the form of a general denial to the Complaint along with this motion, and will supplement that answer with greater specificity in due course.[25] ConocoPhillips' motion to intervene is timely.

---

[23] *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001) (internal quotation marks and citation omitted).

[24] *Alaska v. Suburban Propane Gas Corp.*, 123 F.3d 1317, 1319 (9th Cir. 1997).

[25] Fed. R. Civ. P. 24(c) states that a motion to intervene should be accompanied by a pleading. However, "[c]ourts, including [the Ninth Circuit], have approved intervention motions without a pleading where the court was otherwise apprised of the grounds for the motion." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 474 (9th Cir. 1992). Moreover, the obligation to include a pleading must be construed "to secure the just, speedy, and inexpensive determination of every action and proceeding." *New England Anti-Vivisection Soc'y v. U.S. Fish & Wildlife Serv.*, No. 16-CV-149 (KBJ), 2016 WL 10839560, at *1 (D.D.C. Apr. 29, 2016) (quoting Fed. R. Civ. P. 1). A court can thus stay any obligation to "answer or otherwise respond to the amended complaint until the resolution of Plaintiffs' anticipated preliminary injunction motion," *id*. at 2, n.2, or excuse the obligation altogether. *Washington All. of Tech. Workers v. U.S. Dep't of*

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
Main 206.624.0900  Fax 206.386.7500

### 2. ConocoPhillips has a significant protectable interest in the resolution of this action.

A significant protectable interest exists when an applicant "asserts an interest that is protected under some law" and "there is a relationship between [the applicant's] legally protected interest and the plaintiff's claims."[26] The interest requirement of Rule 24(a) is "primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process."[27] Accordingly, "[n]o specific legal or equitable interest need be established" for the Rule 24 test to be satisfied.[28] To satisfy the "relationship" requirement, an applicant must show that resolution of the plaintiff's claims will affect the applicant.[29]

ConocoPhillips has significant and well-demonstrated regulatory, property, and economic interests that are directly at stake in the present litigation. As described above,

---

*Homeland Sec.*, 395 F. Supp. 3d 1, 21 (D.D.C. 2019). Plaintiffs' Complaint contains 190 paragraphs, and responding to each paragraph necessarily requires an investment of time and effort that would delay intervention and prejudice ConocoPhillips' ability to respond to the anticipated preliminary injunction request. Accordingly, ConocoPhillips includes the proposed preliminary pleading, which it will supplement after completion of any preliminary injunction proceedings.

[26] *City of L.A.*, 288 F.3d at 398 (internal quotation marks and citation omitted); *id.* (relationship requirement is met where "resolution of the plaintiff's claims actually will affect the applicant" (internal quotation marks and citation omitted)); *see Sierra Club v. EPA*, 995 F.2d 1478, 1484 (1993) (intervenor's interest need not be protected by statute put at issue by complaint so long as it is protected by law and relates to claim).

[27] *Nuesse v. Camp*, 385 F.2d 694, 700 (D.C. Cir. 1967); *see Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1179 (9th Cir. 2011).

[28] *Sw. Ctr. for Biological Diversity*, 268 F.3d at 818 (internal quotation marks and citation omitted).

[29] *Donnelly v. Glickman*, 159 F.3d 405, 410 (9th Cir. 1998).

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
Main 206.624.0900   Fax 206.386.7500

ConocoPhillips has a significant investment in the Willow MDP.[30] ConocoPhillips also expended substantial resources for activities leading up to BLM's approval of the Willow MDP, including acquiring the oil and gas leases in the NPR-A, selecting the specific well locations on which to drill exploration wells, and applying for and acquiring the necessary permits.[31] Plaintiffs' lawsuit directly challenges BLM's decision to allow ConocoPhillips to proceed with the Willow project.

The Ninth Circuit has explicitly recognized that property and contractual stakes in an action are protectable interests sufficient to warrant intervention when those interests have a close relationship to the claims at issue in the litigation.[32] Lessee interests in leases issued by BLM or other federal agencies have also been found to be significantly protectable and sufficient to warrant intervention.[33] Accordingly, ConocoPhillips satisfies the second prong of the intervention test because this lawsuit has the potential to adversely impact ConocoPhillips' development activities and, by extension, its rights under its existing NPR-A leases.

---

[30] *See* Bross Decl. ¶¶ 4-12.

[31] *Id.*

[32] *See Sw. Ctr. for Biological Diversity*, 268 F.3d at 820 (finding a significant protectable interest in a contract); *Wilderness Soc'y*, 630 F.3d at 1179 (holding that there is "a sufficient interest for intervention purposes if [a prospective intervenor] will suffer a practical impairment of its interests as a result of the pending litigation" (internal quotation marks and citation omitted)).

[33] *See, e.g.*, *Defs. of Wildlife v. Bureau of Ocean Energy Mgmt.*, No. 10-0254-WS-C, 2010 WL 5139101, at *2 (S.D. Ala. Dec. 9, 2010).

*CBD et al. v. BLM et al.*
Case No. 3:23-cv-00061-HRH        10

### 3. Disposition in favor of Plaintiffs will harm ConocoPhillips' interests.

The test for impairment under Rule 24 focuses on practical effects. "If an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene . . . ."[34] Intervention as of right is particularly appropriate when, as here, the relief sought is injunctive.[35]

The purpose of Plaintiffs' claims in this litigation is to invalidate the federal action (BLM's 2023 ROD approving the Willow MDP and the associated 2023 FSEIS and 2023 BiOp) that allows ConocoPhillips to conduct development activities for the Willow project.[36] If Plaintiffs are successful in their claims, and the 2023 ROD, 2023 FSEIS, and 2023 BiOp are vacated, ConocoPhillips stands to lose the ability to develop the oil and gas resources authorized by the Willow MDP and, relatedly, the substantial investments it has made in the Willow project.[37] Less draconian remedies or forms of injunctive relief could also impose substantial additional costs from delay or increased regulatory burdens. ConocoPhillips satisfies the third prong of the intervention test.

---

[34] Fed. R. Civ. P. 24 advisory committee's note, *quoted in Citizens for Balanced Use*, 647 F.3d at 898.

[35] *See City of L.A.*, 288 F.3d at 399; *Sw. Ctr. for Biological Diversity*, 268 F.3d at 818 (where relief sought by plaintiffs will have direct, immediate, and harmful effects upon a third party's legally protectable interests, the party satisfies the "interest" test); Dkt. 1 at 52 (requesting the Court "[e]nter appropriate injunctive relief").

[36] *See* Dkt. 1, Request for Relief.

[37] Bross Decl. ¶¶ 4-12.

*CBD et al. v. BLM et al.*
Case No. 3:23-cv-00061-HRH      11

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
Main 206.624.0900   Fax 206.386.7500

### 4. Defendants do not adequately represent ConocoPhillips' interests.

ConocoPhillips' interests are sufficiently different from those of Defendants to warrant intervention. The burden of demonstrating inadequate representation is minimal. ConocoPhillips need only show that its interests are different from the existing parties' interests such that their representation "may be" inadequate.[38] The Court must consider:

> (1) whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the would-be intervenor would offer any necessary elements to the proceedings that other parties would neglect.[39]

Here, the interests and perspectives of ConocoPhillips as a non-federal entity with a direct economic stake in this controversy are very different from the interests of BLM as a federal regulatory agency. When parties, such as ConocoPhillips, have private interests, as opposed to the government's "public" interests, this difference is sufficient to justify intervention.[40]

Moreover, ConocoPhillips' participation in the litigation would likely aid the Court's consideration of the issues in this case. ConocoPhillips would be the only entity in this litigation with on-the-ground experience developing oil and gas resources in the

---

[38] *Citizens for Balanced Use*, 647 F.3d at 898; *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972); *Sw. Ctr. for Biological Diversity*, 268 F.3d at 823; *Nuesse*, 385 F.2d at 703.

[39] *City of L.A.*, 288 F.3d at 398 (quoting *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 838 (9th Cir. 1996)).

[40] *See Sw. Ctr. for Biological Diversity*, 268 F.3d at 823-24; *Sierra Club v. Espy*, 18 F.3d 1202, 1208 (5th Cir. 1994); *County of Fresno v. Andrus*, 622 F.2d 436, 438–39 (9th Cir. 1980); *Nat'l Res. Def. Council v. Costle*, 561 F.2d 904, 912 (D.C. Cir. 1977).

*CBD et al. v. BLM et al.*
Case No. 3:23-cv-00061-HRH     12

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
Main 206.624.0900   Fax 206.386.7500

NPR-A in an environmentally responsible manner. ConocoPhillips will likely make arguments that will aid the Court's understanding of the issues in this case that will not be made by other parties to the litigation.

**B.      Alternatively, ConocoPhillips Is Entitled to Permissive Intervention.**

As with intervention as of right, permissive intervention is construed liberally in favor of the moving party.[41] Permissive intervention should be allowed under Fed. R. Civ. P. 24(b) as long as the applicant for intervention establishes that "(1) it shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims."[42] Under this standard, neither the inadequacy of representation nor a direct interest in the subject matter of the action need be shown.[43]

As addressed above, ConocoPhillips' interests are placed directly at stake by the claims alleged by Plaintiffs. As the private party that will be most directly and adversely affected by the relief sought by Plaintiffs—indeed, as the target of this lawsuit in all practical terms—ConocoPhillips' interests present issues of law and fact common to the main action. In addition, ConocoPhillips' motion to intervene is timely and will not

---

[41] *City of L.A.*, 288 F.3d at 397–98.

[42] *Donnelly*, 159 F.3d at 412.

[43] *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1108 (9th Cir. 2002), *overruled in part on other grounds by Wilderness Soc'y*, 630 F.3d at 1178.

*CBD et al. v. BLM et al.*
Case No. 3:23-cv-00061-HRH                    13

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
Main 206.624.0900   Fax 206.386.7500

prejudice the existing parties. Accordingly, if this Court were to deny ConocoPhillips' motion to intervene as of right, permissive intervention should be granted.[44]

## IV. CONCLUSION

For the foregoing reasons, ConocoPhillips respectfully requests that the Court grant its motion to intervene as of right under Fed. R. Civ. P. 24(a). In the alternative, ConocoPhillips respectfully requests that it be granted permissive intervention under Fed. R. Civ. P. 24(b).

DATED: March 15, 2023.

Respectfully submitted,

STOEL RIVES LLP

By: /s/ Ryan P. Steen
  Ryan P. Steen (Bar No. 0912084)
  Jason T. Morgan (Bar No. 1602010)
  Whitney A. Brown (Bar No. 1906063)

  *Attorneys for Proposed Intervenor-Defendant ConocoPhillips Alaska, Inc.*

---

[44] *See Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 844 (9th Cir. 2011) (explaining that "the independent jurisdictional grounds requirement does not apply to proposed intervenors in federal-question cases when the proposed intervenor is not raising new claims").

# CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2023, I filed a true and correct copy of the foregoing document with the Clerk of the Court for the United States District Court of Alaska by using the CM/ECF system. Participants in this Case No. 3:23-cv-00061-HRH who are registered CM/ECF users will be served by the CM/ECF system.

| | |
|---|---|
| Jeremy C. Lieb | jlieb@earthjustice.org |
| Erik Grafe | egrafe@earthjustice.org |
| Ian S. Dooley | idooley@earthjustice.org |
| Carole A. Holley | cholley@earthjustice.org |
| Paul A. Turcke | paul.turcke@usdoj.gov |

*/s/ Ryan P. Steen*
Ryan P. Steen

118833908.1 0028116-00159

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
Main 206.624.0900  Fax 206.386.7500

*CBD et al. v. BLM et al.*
Case No. 3:23-cv-00061-HRH    15