Sarah McMillan (*pro hac vice pending*)
Melissa Hornbein (*pro hac vice pending*)
Western Environmental Law Center
103 Reeders' Alley
Helena, MT 59601
(406) 443-3501, Ext. 122 (McMillan)
(406) 443-3501, Ext. 128 (Hornbein)
mcmillan@westernlaw.org
hornbein@westernlaw.org

Andrew M. Hawley (*pro hac vice pending*)
Western Environmental Law Center
1037 NE 65th St., No. 343
Seattle, WA 98115
(206) 487-7250
hawley@westernlaw.org

*Attorneys for Amicus Curiae Naqsragmiut Tribal Council*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BUREAU OF LAND MANAGEMENT, et al.,<br><br>Defendants,<br><br>and<br><br>CONOCOPHILLIPS ALASKA, INC., et al.,<br><br>Intervenor-Defendants. | Case No. 3:23-cv-00061-SLG |

**NAQSRAGMIUT TRIBAL COUNCIL'S MOTION FOR LEAVE TO FILE BRIEF
OF AMICUS CURIAE**

The Naqsragmiut Tribal Council respectfully moves this Court to enter an order allowing the Naqsragmiut Tribal Council to file the brief of amicus curiae lodged with this motion. Amicus Curiae, Naqsragmiut Tribal Council (hereafter Tribal Council), is the Tribal government for the Nunamiut people of the Village of Anaktuvuk Pass. The Community is a federally recognized Indian Tribe (88 Fed. Reg. 2112, Jan. 12, 2023). The Tribal Council's amicus brief supports the plaintiffs' challenge to the authorization of the Willow Master Development Plan ("Willow Project") by addressing the importance of caribou to people of the Community, their livelihoods, and their culture, and the devastating impact the Willow Project will have on the region's caribou populations.

"The district court has broad discretion to appoint amici curiae," and amicus briefs should normally be allowed "when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Alaska R.R. Corp. v. Flying Crown Subdivision Addition No. 1 & Addition No. 2 Prop. Owners Ass'n*, No. 3:20-CV-00232-JMK, 2021 WL 1112382, at *3 (D. Alaska Mar. 23, 2021) (citations omitted). It is impossible to overstate the importance of Alaska Native subsistence uses of wild game and fish resources and the Alaska Native knowledge and indigenous customs and traditions inexorably tied to these practices. Alaska Natives have been stewards of these resources since time immemorial; this stewardship is a core element of Alaska Native self-determination. The Community, in particular, identifies as "Caribou People"—a people for whom caribou (tuttu) are not only their livelihood and physical survival, but also closely and deeply tied to their spiritual existence, traditions, and culture. Having traveled and lived with caribou since time immemorial, the

historically nomadic (or semi-nomadic) members of the Community have expert knowledge of caribou behaviors and ecology as well as of the landscape. Located far from any coast, the well-being of the Community is even more closely interwoven with the well-being of caribou than other Villages in Alaska. The Community is uniquely situated to understand and explain the impacts on caribou from activities and changing circumstances, such as oil and gas exploration and development and climactic changes.

At issue in this litigation are the Defendants' decisions to allow the Willow Project, with its decades-long plan for development, in the National Petroleum Reserve-Alaska ("Reserve"). The Reserve, with 23 million acres, is the largest single swath of public lands in the United States, and one of the wildest. The Reserve is home to numerous species of cultural importance to the region's tribes, and most importantly for the Community, it is essential habitat for Barren Ground Caribou (especially the Teshekpuk, Western Arctic, and Central Arctic herds). As a result, the development of the Willow Project will exacerbate the existing ecological physiological, and cultural impacts on the Community from previous oil and gas development in the region. Specifically, the Willow Project's three drill sites, miles of gravel roads, central processing facility, operations center, airstrip, and hundreds of miles of ice roads all have the potential to cause further direct and indirect impacts on caribou movements, and by extension to the Anaktuvuk Pass Community. Moreover, the Willow Project's potential to produce 576 million barrels of oil, resulting in an estimated 260 million metric tons of combined direct and indirect greenhouse gas emissions over 30 years, will add to the impacts on caribou

migration and dispersion patterns as a result of anthropogenic-caused climate change that the Community has already witnessed.

The historic and current perspective that the Tribal Council brings to the Court's attention, and the focus of its amicus brief on the history and importance of caribou to the people of Anaktuvuk Pass, will provide the court with additional relevant information on the possible direct and indirect implications of the case. Because caribou are woven into the culture, the modern-day decrease in herd size, the disruption in migration paths, and other impacts of a changing climate, imperil this Tribe's ability to practice its subsistence practices and to pass down their culture, traditions and skills to the next generations. Despite the significant adverse effects on the caribou that are integral to the Community's subsistence way of life and traditions that have survived thousands of years, the federal government failed to consult with the Community about the Willow Project. As a result, the Community's concerns about the effects of the Willow Project have not been heard and it is clear that BLM does not understand the impacts of the Willow Project on their subsistence way of life, on their culture and traditions, and on caribou.

The Tribal Council, through its briefing, seeks to add value to the Court's evaluation of the issues presented by the parties to this case. Its brief offers a different perspective on the impact of the legal issues before the Court, and will assist the Court by providing insights and facts on the impact of the federal decisions at issue. BLM failed to meet its commitments and obligations when it excluded the Village of Anaktuvuk Pass from its consultation and engagement efforts during the assessment and permitting of the Willow Project. These failures have led BLM to overlook or ignore, the direct, indirect,

and cumulative impacts of the Willow Project on the Community, and fail to take the steps necessary to protect the Community's subsistence practices.

For these reasons, the Tribal Council is qualified to be an amicus in this case, and the Court should grant this motion, allow Tribal Council to file an amicus brief, and accept the brief filed herewith.

Respectfully submitted the 28th day of July, 2023.

*/s/ Melissa A. Hornbein*
Melissa A. Hornbein (*pro hac vice pending*)
Sarah McMillan (*pro hac vice pending*)
Western Environmental Law Center
103 Reeders' Alley
Helena, MT 59601
(406) 443-3501, Ext. 122 (McMillan)
(406) 443-3501, Ext. 128 (Hornbein)
mcmillan@westernlaw.org
hornbein@westernlaw.org

Andrew M. Hawley (*pro hac vice pending*)
Western Environmental Law Center
1037 NE 65th St., No. 343
Seattle, WA 98115
(206) 487-7250
hawley@westernlaw.org

## CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2023, a copy of the foregoing was served by electronic means and all counsel of record by the Court's CM/ECF system.

*s/ Melissa A. Hornbein*
Melissa A. Hornbein