Jeremy C. Lieb
Erik Grafe
Ian S. Dooley
Carole A. Holley
EARTHJUSTICE
441 W 5th Avenue, Suite 301
Anchorage, AK 99501
T: 907.277.2500
E: jlieb@earthjustice.org
E: egrafe@earthjustice.org
E: idooley@earthjustice.org
E: cholley@earthjustice.org

Eric P. Jorgensen
EARTHJUSTICE
325 Fourth Street
Juneau, AK 99801
T: 907.586.2751
E: ejorgensen@earthjustice.org

*Attorneys for Plaintiffs Center for Biological Diversity, Defenders of Wildlife, Friends of the Earth, and Greenpeace, Inc.*

Kristen Monsell (*pro hac vice*)
CENTER FOR BIOLOGICAL
DIVERSITY
1212 Broadway, St. #800
Oakland, CA 94612
T: 510.844.7100
E: kmonsell@biologicaldiversity.org

*Attorneys for Plaintiff Center for Biological Diversity*

Cecilia Segal (*pro hac vice*)
NATURAL RESOURCES DEFENSE
COUNCIL
111 Sutter St., 21st floor
San Francisco, CA 94104
T: 415.875.6100
E: csegal@nrdc.org

Michelle Wu (*pro hac vice*)
NATURAL RESOURCES DEFENSE
COUNCIL
40 West 20th St., 11th Floor
New York, NY 10011
T: 646.889.1489
E: michellewu@nrdc.org

*Attorneys for Plaintiff Natural Resources Defense Council*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> BUREAU OF LAND MANAGEMENT *et al.*, <br><br> *Defendants*, <br><br> CONOCOPHILLIPS ALASKA, INC. *et al.*, <br><br> *Intervenor-Defendants.* | Case No. 3:23-cv-00061-SLG |

**MOTION FOR RECONSIDERATION (LOCAL RULE 7.3(h))**

Plaintiffs Center for Biological Diversity *et al.* hereby respectfully request reconsideration of the Court's December 1, 2023, order denying their motion for an injunction pending appeal. Doc. 208. This motion is not premised on the three enumerated circumstances set out in Local Civil Rule 7.3(h)(1), but the rule contemplates that, in some circumstances, the Court will consider a motion to reconsider on other grounds. L.Civ.R. 7.3(h)(1) (noting that motions to reconsider will only "ordinarily" be rejected if three enumerated circumstances are not present).

In their motion, filed on November 17, 2023, Doc. 190, Plaintiffs erroneously submitted a declaration describing how Willow Project activities planned for 2023-2025 are likely to harm caribou and subsistence activities, Doc. 190-1, that did not comply with 28 U.S.C. § 1746. As a result, the Court did not consider the evidence. Doc. 208 at 13 n.51.

Submitted herewith as Exhibit 1 is a corrected declaration with the attestations required by the statute. Except for the attestations and the cover page, the declaration is otherwise identical to the document submitted with Plaintiffs' initial motion for injunction pending appeal. Plaintiffs respectfully request that the Court consider this evidence and reconsider its order denying an injunction pending appeal in light of the evidence of harm presented in the declaration. *Cf. Johnson v. Sandy*, No. 2:12-CV-02922 JAM AC, 2015 WL 1894400, at *1 (E.D. Cal. Apr. 24, 2015) (giving parties opportunity to remedy declarations lacking attestation).

Recognizing that it is the error of Plaintiffs' counsel that causes this urgency,

Plaintiffs respectfully request a decision on this motion for reconsideration by Tuesday, December 5, 2023, if possible. Plaintiffs believe they must submit a motion for injunction pending appeal in the Ninth Circuit expeditiously in order to give the appellate court an opportunity to receive opposition and make its decision before ground disturbing activities are scheduled to begin, currently on December 21, 2023. Doc. 191-1 at 3-5. Plaintiffs submit this motion for reconsideration in an attempt to comply with the requirement in Federal Rule of Appellate Procedure 8(a) that, where practicable, Plaintiffs first present a motion to this Court before submitting a motion for injunction pending appeal to the Ninth Circuit.

Plaintiffs respectfully suggest that no new briefing is required for the Court to address this evidence because all parties had a full opportunity to respond to the content of the declaration and Intervenor-Defendant ConocoPhillips and the Federal Defendants did directly address this evidence in their oppositions to Plaintiffs' motion. *See* Doc. 195 at 9-10 (arguing that BLM "reached the same conclusions" as contained in the declaration and selected an alternative that was designed to reduce effects to caribou and subsistence); Doc. 197 at 34-38 (describing two declarations prepared specifically to address Plaintiffs' submission); Doc. 197-13 (Second Declaration of Lisa L. Pekich addressing evidence of harm to subsistence in Plaintiffs' submission); Doc. 197-14 (Second Declaration of Robyn E. McGhee addressing evidence of harm to caribou in Plaintiffs' submission); *see also* Doc. 197-2, ¶19 (subsistence user declaration addressing Plaintiffs' declaration); Doc. 197-3, ¶15 (same).

Plaintiffs' counsel has contacted counsel for Defendants and Intervenor-Defendants. Defendants and Intervenor-Defendants North Slope Borough, Arctic Slope Regional Corporation, and the State of Alaska oppose this motion for reconsideration. The other parties had not responded at the time of filing.

Respectfully submitted this 3rd day of December, 2023.

*s/ Erik Grafe*
Erik Grafe (Alaska Bar No. 0804010)
Jeremy C. Lieb (Alaska Bar No. 1810088)
Ian S. Dooley (Alaska Bar No. 2006059)
Carole A. Holley (Alaska Bar No. 0611076)
Eric P. Jorgensen (Alaska Bar No. 8904010)
EARTHJUSTICE

*Attorneys for Plaintiffs Center for Biological Diversity, Defenders of Wildlife, Friends of the Earth, and Greenpeace, Inc.*

*s/ Kristen Monsell*
Kristen Monsell (California Bar No. 304793) (*pro hac vice*)
CENTER FOR BIOLOGICAL DIVERSITY

*Attorneys for Plaintiff Center for Biological Diversity*

*s/ Cecilia Segal*
Cecilia Segal (California Bar No. 310935) (*pro hac vice*)
Michelle Wu (New York Bar No. 5633664) (*pro hac vice*)
NATURAL RESOURCES DEFENSE COUNCIL

*Attorneys for Plaintiff Natural Resources Defense Council*

## CERTIFICATE OF COMPLIANCE WITH WORD LIMITS

I certify that this document contains 549 words, excluding items exempted by Local Civil Rule 7.4(a)(4), and complies with the word limits of Local Civil Rule 7.4(a)(2).

Respectfully submitted this 3rd day of December, 2023.

        *s/ Erik Grafe*
        Erik Grafe

# CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2023, a copy of the foregoing MOTION FOR RECONSIDERATION (LOCAL RULE 7.3(h)), with attachments, was served electronically on all counsel of record through the Court's CM/ECF system.

I further certify that Tarek Farag, tarekfaragusa@hotmail.com, was served by electronic mail.

                     *s/ Erik Grafe*
                     Erik Grafe